```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| J.A., individually and on behalf of J.A., a minor child,  Plaintiffs,   v.  MONROE TOWNSHIP BOARD OF EDUCATION,   Defendant. | 1:18-cv-14838-NLH-KMW  **OPINION** |

**APPEARANCES**:

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
100 SPRINGDALE ROAD A3
PMB 287
CHERRY HILL, NJ 08003

   *On behalf of Plaintiffs*

WILLIAM S. DONIO
COOPER LEVENSON, P.A.
1125 ATLANTIC AVENUE, THIRD FLOOR
ATLANTIC CITY, NJ 08401-4891

   *On behalf of Defendant Monroe Township Board of Education*

**HILLMAN, District Judge**

   J.A., who was born in May 2008, is disabled, with the primary diagnosis of autism with other secondary diagnoses. She is eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(A), and protection under Section 504 of the

Rehabilitation Act, 29 U.S.C. § 794 ("§ 504"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); New Jersey's Special Education Law, N.J.S.A. 18A:46-1 et seq.; and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").  J.A. lives with her parents, J.A. and J.A., in Gloucester County, New Jersey.  In May 2016, J.A. first received an individualized education program ("IEP") at her elementary school in the Monroe Township Board of Education ("MTBOE") school district.

Plaintiffs' claims arise from a due process complaint filed with the New Jersey Department of Education ("NJDOE") Office of Special Education Programs ("OSEP") regarding various issues with J.A.'s IEP.  In this action, Plaintiffs are appealing the ALJ's October 2, 2018 Order denying their Motion to Preclude Evidence based on MTBOE's alleged violation of the "5-Day Exchange Rule" in contravention of the IDEA and the New Jersey Administrative Code ("NJAC").[1]  This case was filed on October

---

[1] From the date of filing the due process complaint, the parties have thirty days within which to settle or otherwise resolve the dispute.  20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. § 300.510(a)(1).  This so-called "resolution period" totals 30 days, and if the case is not resolved, it proceeds to a hearing. 20 U.S.C. § 1415(f)(1)(B)(ii).  The parties must exchange and disclose documents they intend to introduce at the hearing "not less than 5 business days prior to a hearing" ("5-day exchange rule").  20 U.S.C. § 1415(f)(2)(A); 34 C.F.R. § 300.512(b)(1). Thereafter, if no adjournments are sought and granted, a final decision must be rendered within 45 days after the end of the 30-day resolution period ("45-Day Rule").  34 C.F.R. §

10, 2018.

Previously, on May 23, 2018, Plaintiffs filed suit against MTBOE in this Court arising from the same due process complaint but concerning the ALJ's May 1, 2018 decision denying Plaintiffs' motion to amend the due process complaint, motion for IEEs, and motion to strike MTBOE's improper references to prior due process proceedings.  See J.A. et al v. NEW JERSEY DEPARTMENT OF EDUCATION et al., 1:18-cv-09580-NLH-KMW.  That due process complaint was ultimately consolidated with a second one, see J.A. and J.A. o/b/o J.A. v. Monroe Township BOE, OAL Docket Nos. EDS 08588-17 and EDS 11524-18, and subsequent proceedings in the consolidated due process complaint gave rise to the instant, second-filed case.

In the first-filed action, the Court dismissed Plaintiffs' claims regarding the due process complaints at the administrative level because Plaintiffs were required to first exhaust their administrative remedies before seeking relief here.[2]  The Court also discussed the instant matter because it

---

300.515(a).  The New Jersey DOE OSEP provides an essentially identical procedure.  See N.J.A.C. 6A:14, et seq.

[2] In the first-filed action, Plaintiffs asserted two different cases in one – a putative class action against the state Defendants for systemic failure to comply with the 45-Day Rule and a challenge to hearing officer qualifications, coupled and intertwined with an individual appeal of J.A.'s personal due process complaints regarding her claim against MTBOE that she has been denied FAPE.  The Court found that the two could not

3

was a continuation of the same due process complaint in the earlier matter:

> In their second action, Civil Action 18-14838, Plaintiffs contend that the consolidated Due Process Complaint was set for a hearing before the ALJ on October 1, 2018.  Five business days prior to the October 1, 2018 hearing date was September 24, 2018, but Plaintiffs did not receive MTBOE's exhibit and witness list until September 25, 2018, a day late.  Plaintiffs filed a Motion to Preclude Evidence on September 24, 2018.  MTBOE did not file a written opposition.  On October 1, 2018, the ALJ held oral argument on the motion.  The ALJ denied Plaintiffs' motion, and granted their Motion to Stay Proceedings Pending Interlocutory Appeal.  The ALJ adjourned the future hearing dates on Plaintiffs' consolidated Due Process Complaint set for October 5, 2018 and October 15, 2018.  The ALJ did not adjourn the October 29, 2018 hearing date in the event Plaintiffs' interlocutory appeal would be resolved by then.  Plaintiffs claim that the ALJ's resolution of their Motion to Preclude Evidence denied J.A. a FAPE in violation of the IDEA.  They do not assert a putative class action in their second case.
>
> MTBOE filed its answer to Plaintiffs' second action on December 26, 2018.  (18-14838, Docket No. 5.)  Neither Plaintiffs nor Defendants have filed the appropriate application or motion so that Plaintiffs' challenge to the ALJ's decision on the 5-day exchange rule violation can be considered by the Court.  Without any indication from the parties otherwise, the Court assumes that the October 29, 2018 hearing was not held, and Plaintiffs' consolidated Due

---

proceed together.  The Court dismissed Plaintiffs' individual claims regarding the ongoing due process complaints because Plaintiffs were required to exhaust their administrative remedies for the underlying IDEA and related ADA and Section 504 claims regarding the alleged denial of a FAPE to J.A.  (18-9580, Docket No. 29 at 12.)  The Court permitted Plaintiffs to file an amended complaint to assert their putative class action claims because they fell into one of the narrow exceptions to the exhaustion rule in IDEA cases.  (Id. at 19, 22-23.)  Plaintiffs filed an amended complaint on May 22, 2019.  As of June 19, 2020, the case caption was amended by way of Plaintiffs' motion pursuant to the Court's April 22, 2019 Opinion and Order.

4

> Process Complaint remains pending but in suspension in the OAL.  The Court also notes that the ALJ's "permission" for Plaintiffs to appeal his ruling in this Court is without legal force.  See Komninos by Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 n.1 (3d Cir. 1994) ("Although plaintiffs have styled the complaint in part as an appeal from the ALJ's order, we do not consider that a basis for district court jurisdiction.  Section 1415(e) does not grant a court authority to review an ALJ's decision before the administrative process has been completed.  From the standpoint of federal jurisdiction, therefore, the ALJ's order is interlocutory and his characterization of his order as 'final' is irrelevant.").  Moreover, as discussed more fully *infra,* the very notion of an interlocutory appeal from the administrative process to a federal district court is directly contrary to the strong presumption of administrative exhaustion before judicial review.

(18-9580, Docket No. 29 at 6 n.2.)

The Court issued the decision in the first-filed action on April 19, 2019.  Previously, on April 15, 2019, the magistrate judge entered a scheduling order in this case that set the dispositive motions deadline for May 24, 2019.  MTBOE filed a motion for summary judgment on May 24, 2019, in which it argued that Plaintiffs' claims arising from the consolidated due process complaint, and the ALJ's October 1, 2018 decision on the 5-day rule specifically, must be dismissed for failure to exhaust their administrative remedies.  MTBOE also discussed the Court's footnote in the April 19, 2019 Opinion, asking the Court to explicitly apply the exhaustion analysis in that case to this one.  (Docket No. 11.)

On May 29, 2019, Plaintiffs filed a cross-motion to strike

5

MTBOE's motion for summary judgment. (Docket No. 12.) Plaintiffs argue that MTBOE's summary judgment motion was in "flagrant disregard" of the Court's decision in the first-filed case - namely, the Court's statements that (1) the "Due Process Complaint remains pending but in suspension in the OAL. The Court also notes that the ALJ's 'permission' for Plaintiffs to appeal his ruling in this Court is without legal force," and (2) "an interlocutory appeal from the administrative process to a federal district court is directly contrary to the strong presumption of administrative exhaustion before judicial review." Plaintiffs argue that MTBOE's motion "unnecessarily expands the litigation," because "[a]s recognized by this Court in the April [19], 2019 Order, this matter should first be resolved by the OAL before proceeding in this Court." Plaintiffs state that this case should be stayed pending resolution of the issue in the OAL, or "Plaintiffs would be content with dismissing the matter without prejudice pursuant to the ripeness doctrine."

In response, MTBOE argues that it was following the magistrate judge's scheduling order when it timely filed its motion, and that Plaintiffs' cross-motion is untimely. MTBOE also argues that Plaintiffs admit that their case has been filed prematurely, but rather than seek to withdraw their complaint, they filed their improper cross-motion to strike.

6

The passage of time and the recent filings in J.A. et al v. NEW JERSEY DEPARTMENT OF EDUCATION et al., 1:18-cv-09580-NLH-KMW and a more recently filed companion case, C.P. et al v. NEW JERSEY DEPARTMENT OF EDUCATION, 1:19-12807-NLH-KMW, require the Court to deny both motions without prejudice and issue the following direction:

1.   Plaintiffs shall inform the Court as to whether Plaintiffs continue to request that J.A.'s second due process complaint and the subject of this action should be stayed or dismissed pending resolution of the issue in the OAL.

2.   The Court recognizes that Plaintiffs have filed a third due process petition on behalf of J.A., Monroe Twp. Bd. of Ed. v. J.A., et al., OAL Dkt. No. EDS 04281-2020 S, and that the third due process petition concerns the 5-day Exchange Rule, the 30-day Hearing Process rule and "settlement conference" procedure, the 45-day Rule, and the NJDOE and OAL's use of the phrase "federal days" in their calculations the 45-Day Rule. See J.A. et al v. NEW JERSEY DEPARTMENT OF EDUCATION et al., 1:18-cv-09580-NLH-KMW, Docket No. 52.  It is unclear to the Court whether this third due process complaint has been consolidated with Plaintiffs' first two due process complaints, and, if not, whether it should be consolidated and any challenges to that process be advanced in this case.  It is also unclear, based on the procedural status of the third due process

7

complaint, whether exhaustion of administrative remedies applies to that due process complaint as well.  The Court further observes that it appears some of the claims raised in the third due process complaint have not been specifically advanced in either this case or the class action case, 1:18-cv-09580-NLH-KMW.  Plaintiffs shall inform the Court on these issues and how Plaintiffs wish to proceed with their second due process complaint relative to their third, along with their class action complaint and the related class action case, C.P. et al v. NEW JERSEY DEPARTMENT OF EDUCATION, 1:19-12807-NLH-KMW.[3]

Plaintiffs shall file their response within 10 days. Defendant shall file a reply 10 days after Plaintiffs' response.

An appropriate Order will be entered.

Date:   June 29, 2020             s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[3] On June 17, 2020, the Court issued an Order to Show Cause in J.A., 1:18-cv-09580-NLH-KMW, and C.P., 1:19-12807-NLH-KMW, as to why those two actions should not be consolidated pursuant to Fed. R. Civ. P. 42(a).  Plaintiffs in both cases have responded that they do not object to consolidation for discovery purposes. The state defendants have until July 2, 2020 to respond.